IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cr-00070-BP |
| | ) | |
| JEREMY W. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss 18 U.S.C. § 922(g)(1) Count Under the Second Amendment. (Doc. 28) Defendant contests the constitutionality of the statute he is charged under based on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). For the following reasons, it is recommended that Defendant's motion be denied.

**I. BACKGROUND**

On March 15, 2022, the Grand Jury returned an Indictment charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 15) On March 21, 2022, Defendant was arraigned and the Court set an April 25, 2022, deadline to file pretrial motions. (Docs. 20, 21) On October 17, 2022, Defendant filed the instant motion to dismiss without obtaining leave of Court to file out of time. (Doc. 28) The Government filed its suggestions in opposition on October 28, 2022. (Doc. 29) With extensions of time granted, Defendant replied on November 23, 2022. (Doc. 34)

**II. LEGAL ANALYSIS**

Defendant contends that the Indictment should be dismissed on grounds that 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution, both facially and

as applied.   (Doc. 28, 32)   Defendant concedes that he has felony convictions for the purposes of his motion.[1]   (Doc. 34, pp. 8-9)   Defendant argues, in relevant part:

> Under the new framework mandated by *Bruen*, the Court should dismiss . . . the indictment against Jeremy Robinson, which charges him with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).   Because possession of a firearm comes within the Second Amendment's "plain text," Mr. Robinson's conduct is presumptively protected.   And the government will be unable to rebut that presumption.   Felon-disarmament laws, which did not appear in the United States until the 20th Century, were unknown to the generation that ratified the Second Amendment.

(Doc. 28)   Additionally, Defendant suggests that his motion is timely as the *Bruen* decision was issued after the April 25, 2022, pretrial motion deadline.   (Doc. 28)

The Government maintains: (1) the Indictment is facially sufficient; (2) Defendant's as-applied challenge is premature; (3) the plain text of the Second Amendment does not protect the prohibited conduct—possessing a firearm as a convicted felon, nonviolent or otherwise; and (4) "even assuming the Second Amendment protected such conduct, § 922(g)(1) would still be constitutional because the statute is consistent with the nation's historical tradition of disarming persons considered a risk to society."   (Doc. 32)   The Government raises no timeliness argument.

As the basis for Defendant's motion was not available at the time of the pretrial motion deadline, coupled with the trial setting in this case, good cause exists to consider Defendant's untimely motion.   Fed. R. Crim. P. 12(c)(3).

With respect to the merits of Defendant's motion, the Court first considers Defendant's

---

[1] The Bond Report (Doc. 11) also reflects felony convictions within the last seven years for domestic assault serious injury first degree and stalking first degree.

2

Case 4:22-cr-00070-BP     Document 35     Filed 12/01/22     Page 2 of 6

facial challenge to § 922(g)(1). To prove facial unconstitutionally, a party "must establish that no set of circumstances exists" under which the challenged statue would be valid. *United States v. Bena*, 664 F.3d 1180, 1182 (8th Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Facial challenges to the constitutionality of § 922(g)(1) following *Bruen* have been unsuccessful, both in this Court[2] and in other jurisdictions.[3] The rationale underlying such decisions is that *Bruen* did not overrule the pertinent portions of *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), which addressed prohibitions on the possession of firearms by felons. Specifically, the Supreme Court stated in *Heller* that "[a]lthough we do not undertake an exhaustive historical analysis today of the full

---

[2] *See, e.g., United States v. Penn*, Case No. 20-00266-01-CR-W-BP (W.D. Mo. Aug. 30, 2022); *United States v. Jones*, Case No. 20-00354-01-CR-W-HFS (W.D. Mo. Nov. 29, 2022); *United States v. Ford*, Case No. 21-CR-00179-W-HFS (W.D. Mo. Nov. 29, 2022); *United States v. Good*, Case No. 21-00180-01-CR-W-HFS (W.D. Mo. Nov. 18, 2022) (*Report and Recommendation*).

[3] *Range v. Att'y Gen. United States*, No. 21-2835, 2022 WL 16955670 (3d Cir. Nov. 16, 2022); *United States v. Willis*, No. 22-CR-00186-RMR, 2022 WL 17177470, at *2 (D. Colo. Nov. 23, 2022); *United States v. Teerlink*, No. 2:22-CR-0024-TS, 2022 WL 17093425, at *1 (D. Utah Nov. 21, 2022) (collecting cases); *United States v. Hill*, No. CR H-22-249, 2022 WL 17069855, at *5 (S.D. Tex. Nov. 17, 2022); *United States v. Baker*, No. 2:20-CR-00301-DBB, 2022 WL 16855423, at *3-*4 (D. Utah Nov. 10, 2022) (collecting cases); *United States v. Carpenter*, No. 1:21-CR-00086-DBB, 2022 WL 16855533, at *3-*4 (D. Utah Nov. 10, 2022) (collecting cases); *United States v. Gray*, No. 22-CR-00247-CNS, 2022 WL 16855696, at *2-*3 (D. Colo. Nov. 10, 2022); *United States v. Reese*, No. 19-CR-257, 2022 WL 16796771, at *1 (W.D. Pa. Nov. 8, 2022); *United States v. Young*, No. CR 22-054, 2022 WL 16829260, at *8 (W.D. Pa. Nov. 7, 2022) (collecting cases); *United States v. Butts,* No. CR22-33-M-SWM, 2022 WL 16553037 (D. Mont. Oct. 31, 2022); *United States v. Grant*, No. 3:22-161-MGL-1, 2022 WL 16541138 (D.S.C. Oct. 28, 2022); *United States v. Carrero*, No. 2:22-cr-00030, 2022 WL 9348792, at *3 (D. Utah Oct. 14, 2022) (collecting cases); *United States v. Riley*, No. 1:22-cr-163 (RDA), 2022 WL 7610264, at *9 n.9 (E.D. Va. Oct. 13, 2022) (collecting cases); *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457, at *7-*9 (S.D. W. Va. Oct. 12, 2022); *United States v. King*, 21-CR-255 (NSR), 2022 WL 5240928, at *5 (S.D.N.Y. Oct. 6, 2022); *United States v. Charles*, MO:22-CR-00154-DC, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Siddoway*, Case No. 1:21-cr-00205-BLW, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Collette*, MO:22-CR-00141-DC, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Hill*, No. 21cr107 WQH, 2022 WL 4361917, at *2 (S.D. Cal. Sept. 20, 2022); *United States v. Jackson*, Criminal No. 21-51 (DWF/TNL), 2022 WL 4226229 (D. Minn. Sept. 13, 2022); *United States v. Cockerham*, Criminal No. 5:21-cr-6-DCB-FKB, 2022 WL 4229314, at *2 (S.D. Miss. Sept. 13, 2022); *United States v. Harper*, Case No. 21-CR-4085-LTS-KEM, 2022 WL 8288406 (N.D. Iowa Sept. 9, 2022), *adopted by* 2022 WL 4595060 (N.D. Iowa Sept. 30, 2022); *United States v. Burrell*, No. 21-20395, 2022 WL 4096865, at *3 (E.D. Mich. Sept. 7, 2022); *United States v. Ingram*, No. 0:18-557-MGL-3, 2022 WL 3691350, at *2 (D.S.C. Aug. 25, 2022).

scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 554 U.S. at 626. The *Heller* Court further described "longstanding prohibitions on the possession of firearms by felons" as "presumptively lawful." *Id*. at 626-27, n.26. This principle was reaffirmed two years later in *McDonald*, wherein the Court stated: "We made clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons' . . . . We repeat those assurances here." 561 U.S. at 786 (internal citations omitted).

The *Bruen* opinion, on which Defendant relies to support his assertion of unconstitutionality, is not a departure from this precedent. To the contrary, *Bruen* explicitly stated that its holding was "in keeping with *Heller*." 142 S. Ct. at 2126. Furthermore, Justice Kavanaugh, joined by Chief Justice Roberts, stated in a concurrence that "the Second Amendment allows a 'variety' of gun regulations" including "longstanding prohibitions on the possession of firearms by felons." *Id*. at 2162 (Kavanaugh, J., concurring). Justice Alito also stated in his concurrence, "Nor have we disturbed anything that we said in *Heller* or *McDonald*." *Id*. at 2157 (Alito, J., concurring). Justice Breyer, joined by Justices Sotomayor and Kagan, understood *Bruen* to "cast no doubt on" *Heller*'s treatment of laws prohibiting firearms by felons. *Id*. at 2189 (Breyer, J., dissenting).

It is against this backdrop that the Court must analyze Defendant's motion to dismiss. The Eighth Circuit has rejected constitutional challenges to 18 U.S.C. § 922(g)(1) consistent with *Heller* and *McDonald*. *See, e.g., United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014); *United States v. Joos,* 638 F.3d 581, 586 (8th Cir. 2011). *Bruen* does not dictate a different result.

Defendant's facial challenge to § 922(g)(1) should, therefore, be denied.

Defendant also argues in his reply brief that 18 U.S.C. § 922(g)(1) is unconstitutional as applied. "An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional on the facts of the particular case." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (internal quotations and citations omitted). "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id.* (internal quotations and citations omitted).

Here, Defendant again relies on his classification as a felon to support the argument that § 922(g)(1) deprived him of a constitutional right. (*See* Doc. 34, p. 9) Defendant raises no other factual argument regarding why the statute might be unconstitutional as applied to him. Pretrial determination of this issue is therefore appropriate. *See United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022); *Adams*, 914 F.3d at 604; *United States v. Hughley*, 691 Fed. Appx. 278 (8th Cir. 2017); Fed. R. Crim. P. 12(b)(1). For the reasons set forth above (*i.e.*, that prohibitions on the possession of firearms are presumptively lawful), Defendant's as-applied challenge should also be denied. *See Jackson*, 2022 WL 4226229 at *2 n.2; *United States v. Brown*, 436 Fed. Appx. 725, 726 (8th Cir. 2011).

### III. CONCLUSION

Based on the above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's motion to dismiss.

5

Case 4:22-cr-00070-BP    Document 35    Filed 12/01/22    Page 5 of 6

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

/s/ *Jill A. Morris*  
JILL A. MORRIS  
UNITED STATES MAGISTRATE JUDGE