2270IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 22-00070-01-CR-W-BP |
| | ) | |
| JEREMY W. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO DISMISS

On March 15, 2022, Defendant Jeremy Robinson was charged with violating 18 U.S.C. § 922(g)—which, as relevant here, makes it unlawful for individuals convicted of a crime punishable by imprisonment for more than one year to possess a firearm in certain circumstances. (Doc. 15.) Defendant subsequently filed a Motion to Dismiss, asserting § 922(g) is unconstitutional in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (*See* Doc. 28.) The Government opposed the Motion. (Doc. 29.) The Honorable Jill Morris, United States Magistrate Judge for this District, subsequently issued a Report & Recommendation (the "Report"), suggesting the Motion be denied. (Doc. 35.) Defendant objects to the Report. (Doc. 36.)

The Court has conducted a *de novo* review as required by 28 U.S.C. § 636(b)(1). It has considered the parties' submissions and Defendant's objections. Having conducted this review, the Court **OVERRULES** Defendant's objections, **ADOPTS** the Report as its Order, and **DENIES** the Motion to Dismiss, (Doc. 28.) In particular, the Court finds the Report's discussion of *District of Columbia v. Heller*, 554 U.S. 570 (2008), persuasive. The following discussion is intended to augment, not supplant, the Report's recommended findings and conclusions.

In *Heller*, the Supreme Court stated that, "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 626. Such measures were described as "presumptively lawful." *Id.* at 627 n.26. The Supreme Court later repeated its statement. *See McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010). *Bruen* does not explicitly question or overrule the relevant portions of *Heller*. *See* 142 S. Ct. at 2125-56. In fact, a majority of the Justices indicated *Bruen* does not invalidate *Heller*'s statements regarding the lawfulness of statutes prohibiting felons from possessing firearms. *See id.* at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id.* at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.).

Defendant attacks the Report's usage of *Heller*'s dicta, advancing multiple arguments. Defendant's arguments are unconvincing. The Court "should give deference and respect to strong dicta from the Supreme Court . . . ." *In re Belew*, 943 F.3d 395, 397 (8th Cir. 2019) (quotation omitted). Here, the relevant statements appeared in *Heller*, were repeated in *McDonald*, and were reaffirmed by five Justices in *Bruen*. The Court finds reliance on *Heller* is appropriate.

**IT IS SO ORDERED.**

DATE: January 17, 2023

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT